UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE, Executive Director,<br><br>    Respondent. | Case No. 1:17-cv-00972-MJS<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(ECF NO. 10)**<br><br>**CLERK TO CLOSE CASE** |

Petitioner is a detainee proceeding with counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent Brandon Price, Executive Director of Coalinga State Hospital, is represented by Julie Anne Hokins of the Attorney General's Office for the State of California. All parties have consented to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 3, 7.)

Briefly stated, Petitioner is in the custody of the California Department of State Hospitals pending a jury trial on a petition for commitment as a Sexually Violent Predator under California's Sexually Violent Predator Act ("SVPA"), California Welfare & Institutions Code § 6600 et seq. Petitioner contends he is statutorily ineligible for SVPA

commitment because he was not convicted of a "sexually violent offense." Accordingly, he contends, his detention is unlawful. He further contends that the SVPA petition violates his due process rights and the bar against double jeopardy. He asks this court to order dismissal of the petition and his release from custody. (ECF No. 1.)

Before the Court is Respondent's motion to dismiss the petition pursuant to Younger v. Harris, 401 U.S. 37 (1971). (ECF No. 10.) The motion is submitted and stands ready for adjudication. For the reasons stated below, Respondent's motion will be granted and the petition will be dismissed.

## I.    Factual and Procedural History

On October 14, 2004, Petitioner was convicted pursuant to a plea agreement of a lewd act with a child of 14 or 15 years when the person is at least 10 years older than the child, and sodomy by a person over 21 years with a person who is under the age of sixteen. (ECF No. 1-2 at 30-33.) He was sentenced to a two year term of incarceration but, due to time served, was immediately released on parole. Thereafter, he was twice taken into custody for parole violations (failure to register, removal of GPS monitoring device, and absconding from parole supervision). (ECF No. 1 at 8-9.)

On December 4, 2007, while Petitioner was in custody on the parole violations, the Fresno County District Attorney filed a petition for civil commitment of Petitioner pursuant to the SVPA. (ECF No. 1-2 at 5-7.) On January 16, 2008, the Fresno County Superior Court found probable cause to support the commitment petition and ordered Petitioner detained at Coalinga State Hospital. (Id. at 9-12.)

Petitioner since has challenged the petition in a number of ways. On October 28, 2009, he filed a motion to dismiss the commitment petition and/or to overturn the finding of probable cause. (Id. at 36-54.) Therein, he argued, inter alia, that he had not been convicted of an offense that would render him eligible for SVPA commitment. The Superior Court denied the motion on December 9, 2009. (Id. at 81.)

On July 27, 2011, Petitioner challenged the denial of his motion by filing in the California Court of Appeal for the Fifth Appellate District a petition for writ of mandate or prohibition. (Id. at 90, 106-29.) The Court of Appeal denied the petition on October 7, 2011. (Id. at 90.) Petitioner sought review in the California Supreme Court; the petition was denied on November 22, 2011. (Id. at 90-91, 132.)

On December 30, 2011, Petitioner, proceeding pro se, filed a petition for writ of habeas corpus in this court in Case No. 1:11-cv-02166-LJO-DLB. (Id. at 87-134.) On March 7, 2012, the petition was dismissed without prejudice on the basis of Younger abstention. Herrera v. Ahlin, No. 1:11-cv-02166-LJO-DLB (E.D. Cal. Mar. 7, 2012).

On August 24, 2016,[1] Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court, again arguing that he lacked a conviction for a sexually violent offense and thus was ineligible for commitment under the SVPA. (Id. at 166-69.) On September 19, 2016, the Superior Court denied the petition. (Id. at 199-205.)

Petitioner then pursued this claim through the Fifth District Court of Appeal and the California Supreme Court. (Id. at 326-27.) The Fifth District Court of Appeal denied the petition and, on March 22, 2017, the California Supreme Court denied review. (Id.; id. at 208.)

Petitioner filed the instant petition on July 20, 2017. (ECF No. 1.) On October 10, 2017, Respondent was ordered to respond to the petition, and to specifically address whether the Court should abstain from entertaining the petition pursuant to Younger. (ECF No. 4.) Respondent then filed the instant motion to dismiss. (ECF No. 10.) Petitioner filed an opposition. (ECF No. 11.) Respondent filed no reply and the time for doing so has passed.

**II.    Discussion**

"Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce

---

[1] In the intervening five year period, Petitioner challenged the SVPA proceedings on other grounds.

Political Action Comm. v. San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008). The Younger doctrine extends to state civil judicial proceedings if the following four factors are met: (1) there is an ongoing state-initiated judicial proceeding; (2) the proceeding implicates important state interests; (3) the federal litigant is not barred from litigating federal constitutional issues in the state proceeding; and (4) federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere in a way that Younger disapproves. Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (en banc).

Here, the first element is satisfied because there is an ongoing state-initiated civil commitment proceeding pending against Petitioner. Although many years have passed since the SVPA petition was first filed, no final judgment has been entered, and the case is still ongoing for the purposes of Younger abstention. See San Jose Silicon Valley Chamber of Commerce Political Action Comm., 546 F.3d 1087, 1093. See also Williams v. King, 696 F. App'x 283, 284 (9th Cir.), cert. denied, 138 S. Ct. 506 (2017). Petitioner concedes this point. (ECF No. 11 at 3.)

The second element also is satisfied: The SVPA proceeding implicates "the important state interests of protecting the public from sexually violent offenders and providing such offenders with mental health treatment." Smith v. Plummer, 458 F. App'x 642, 643-44 (9th Cir. 2011). See also, e.g., Arceo v. King, No. 2:14-cv-2712-GEB-DBP, 2016 WL 7384024, at *2 (E.D. Cal. Dec. 21, 2016), report and recommendation adopted, No. 2017 WL 6888521 (E.D. Cal. Feb. 24, 2017). Nonetheless, Petitioner contends that this element is not satisfied because he is not a sexually violent offender, and thus there is no important interest in protecting the public from him. (ECF No. 11 at 3.) But, this rationale would apply in every case where a petitioner disputes whether he meets the SVPA criteria, thus eviscerating the Younger doctrine. The argument is therefore unpersuasive.

As to the third element, Petitioner argues that the state court proceedings are inadequate because his efforts to raise his constitutional claims in state court have been unsuccessful. However, there is no question that Petitioner has been afforded the opportunity to raise his federal constitutional claims in the state proceedings and indeed has done so, in some regard, through every level of the California judicial system. Petitioner has not shown that "state procedural law barred presentation of [his] claims," Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987), or that "extraordinary circumstances" rendered the California courts "incapable of fairly and fully adjudicating" his federal constitutional issues, Kugler v. Helfant, 421 U.S. 117, 124 (1975). Petitioner "obviously disagrees vigorously with the result that he has achieved thus far in California. However, his lack of success does not render the forum inadequate." Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).

As to the fourth element, if this Court were to grant Petitioner the relief he seeks, it would have the practical effect of enjoining the state SVPA proceedings. Smith, 458 F. App'x at 643-44.

Finally, although Younger abstention provides an equitable exception in cases where extraordinary circumstances threaten great, immediate and irreparable injury, see Younger, 401 U.S. at 45-46, 53-54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); Perez v. Ledesma, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction), petitioner fails to demonstrate that this is such a case. Petitioner has not shown bad faith or harassment by state officials responsible for his commitment proceedings, nor other extraordinary circumstances to indicate irreparable injury. See Kugler, 421 U.S. at 124. He argues primarily that he is suffering irreparable injury just by being detained and forced to face the SVPA proceeding pending against him. However, Younger makes clear that any injury suffered by a

petitioner as a result of being forced to defend himself against a state prosecution brought in good faith does not rise to the level of "irreparable injury," even where the petitioner alleges the prosecution is unlawful. Younger, 401 U.S. at 46 ("No citizen or member of the community is immune from prosecution, in good faith, for his alleged criminal acts. The imminence of such a prosecution even though alleged to be unauthorized and hence unlawful is not alone ground for relief in equity . . . ." (internal quotation marks omitted)). Furthermore, the Court must reject Petitioner's claim that the SVPA proceedings are causing irreparable injury to his Fifth Amendment right to avoid being twice put in jeopardy for the same offense. See Hydrick v. Hunter, 500 F.3d 978, 993 (9th Cir. 2007) (civil nature of SVPA proceedings forecloses challenges based on violation of Double Jeopardy clause), vacated on other grounds by Hunter v. Hydrick, 556 U.S. 1256 (2009).

## III.  Conclusion and Order

Based on the foregoing, the Court must abstain under Younger from reaching the merits of Petitioner's claims. Accordingly, it is HEREBY ORDERED that Respondent's motion to dismiss (ECF No. 10) is GRANTED, and the petition is dismissed without prejudice.

The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: February 11, 2018         /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE