UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN HERRERA,<br><br>    Petitioner,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Respondent. | Case No. 1:17-cv-00972-JDP<br><br>ORDER GRANTING MOTION FOR NOTICE OF APPEAL AND EXTENSION OF TIME TO ACQUIRE DOCUMENTS<br><br>ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 14, 20) |

Petitioner Ruben Herrera is a detainee proceeding on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner previously was represented by counsel. On February 12, 2018, the court entered an order granting respondent's motion to dismiss, holding that the court must abstain from reaching the merits of petitioner's claims under *Younger v. Harris*, 401 U.S. 37 (1971). (Doc. No. 12.) Petitioner has since terminated his counsel and is now proceeding pro se. (*See* Doc. No. 14.)

On March 19, 2018, petitioner filed a motion for a sixty-day extension of time to acquire documents to support his *in forma pauperis* status. (Doc. No. 14.) The court infers that petitioner intends to file a motion to proceed *in forma pauperis* on appeal. The court grants petitioner's motion for an extension of time. (Doc. No. 14.) Petitioner may file a motion to proceed *in forma pauperis* on appeal by June 14, 2018.

1

On May 2, 2018, petitioner filed a motion requesting a certificate of appealability ("COA"). (Doc. No. 20.) Generally, state prisoners proceeding under § 2241 must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). A COA may issue if the petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies a habeas petition on procedural grounds, a COA will issue when the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court granted respondent's motion to dismiss on procedural grounds. *See Rodriguez v. Greco*, No. 16-CV-03131, 2017 WL 1838950, at *1 (S.D. Cal. May 8, 2017) (dismissal based on *Younger* abstention constitutes a dismissal on procedural grounds). The undersigned judge concludes that jurists of reason would not find debatable whether the court was correct in its procedural ruling. Accordingly, the court denies petitioner's motion requesting a COA. (Doc. No. 20.) Petitioner may request a COA from the U.S. Court of Appeals for the Ninth Circuit under Federal Rule of Appellate Procedure 22(b).

IT IS SO ORDERED.

Dated: May 29, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE